# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00029-CV

---

**Tennessee Gas Pipeline Company, Appellant**

**v.**

**Carole Keeton Rylander, Comptroller of Public Accounts of the State of Texas; and John Cornyn, Attorney General of the State of Texas, Appellees**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. 98-09521, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

This appeal involves a claim for tax exemptions related to aircraft operated by a common carrier pipeline. *See* Tex. Tax Code Ann. ' 151.328 (West 2002). Tennessee Gas Pipeline Company (ATennessee Gas@) filed a claim for a refund of sales and use taxes paid in association with the maintenance and repair of its aircraft. When its refund claim was denied, Tennessee Gas filed suit against Carole Keeton Rylander, Comptroller of Public Accounts of the State of Texas, and John Cornyn, Attorney General of the State of Texas (collectively the AComptroller@). After the parties filed competing motions for summary judgment, the district court affirmed the Comptroller=s denial of the refund claim by granting summary judgment in favor the Comptroller. We will affirm the district court=s judgment.

## THE CONTROVERSY

The tax code provides that sales tax will be imposed on the sale of all taxable items. Tex. Tax Code Ann. ' 151.051 (West 2002). The tax code further provides that a use tax will be imposed on the storage, use, or other consumption in this state of a taxable item purchased from a retailer for storage, use, or other consumption within this state. *Id*. ' 151.101. But the tax code also creates certain exemptions to the imposition of sales and use taxes, including exemptions for persons using aircraft as a certificated or licensed carrier of persons or property. The section of the tax code relevant to Tennessee Gas=s claim provides, in relevant part, as follows:

> (a) Aircraft are exempted from the taxes imposed by this chapter if:
>
> > (1) sold to a person using the aircraft as a certificated and licensed carrier of persons or property
>
> * * *
>
> (b) Repair, remodeling, and maintenance to aircraft, including an engine or other component part of the aircraft, operated by a person described by Subsection (a)(1) or (a)(2) are exempted from the taxes imposed by this chapter.

*Id.* ' 151.328. Tennessee Gas is authorized by the Federal Energy Regulatory Commission (AFERC@) to operate a common carrier pipeline. In conjunction with its operation as a common carrier pipeline, Tennessee Gas owns and operates two aircraft that it uses to transport employees and executives for business purposes and to inspect pipelines and rights-of-way. Between January 1, 1994 and May 31, 1996, Tennessee Gas either paid or accrued and remitted $83,472.57 in Texas sales and use taxes on purchases of parts and repair and maintenance services for its aircraft. Tennessee Gas filed a claim for a

2

refund on those taxes with the Comptroller, claiming an exemption pursuant to section 151.328 of the tax code.

The outcome of Tennessee Gas=s claim for an exemption is not determined solely by the tax code. A rule promulgated by the Comptroller interpreting the section=s exemptions is also relevant to Tennessee Gas=s appeal. *See* 34 Tex. Admin. Code ' 3.297 (2001) (ARule 3.297@). In applying for its refund, Tennessee Gas attempted to rely on Rule 3.297, which defines Alicensed and certificated carrier@ to include, among others, a pipeline operator authorized to operate as a common carrier by the appropriate state or federal agency. *See id.* ' 3.297(a)(1)**. As a common carrier pipeline authorized by FERC, Tennessee Gas argued it was a licensed and certificated carrier under section (a)(1) of Rule 3.297. As such, Tennessee Gas claimed that it was qualified under section (d)(2) of the Rule C the section interpreting and applying the exemptions for aircraft repair and maintenance created by section 151.328 of the tax code.** *See id.* ' 3.297(d)(2)**.**

In ruling on Tennessee Gas=s claim for a refund, the Comptroller rejected Tennessee Gas=s conclusion that the exemptions under Rule 3.297(d) are available to *all* licensed and certificated carriers identified by Rule 3.297(a)(1). The Comptroller interpreted the exemptions in tax code section 151.328 and Rule 3.297(d) to be limited to *air* common carriers certificated by the Federal Aviation Administration (AFAA@). The Comptroller found that Tennessee Gas does not use its aircraft as common-carrier devices to transport persons or property for hire and is not licensed or certificated as an air common carrier by the FAA. Therefore, the Comptroller denied the refund claim. Tennessee Gas filed suit in district court to contest the Comptroller=s decision.

3

In the district court, the parties stipulated to the facts and filed competing motions for summary judgment. The district court denied Tennessee Gas=s motion, granted the Comptroller=s motion, and rendered judgment accordingly. Tennessee Gas filed a motion for a new trial that was overruled by operation of law. Tennessee Gas now appeals.

In this appeal, Tennessee Gas complains that by granting the Comptroller=s motion for summary judgment, the trial court erred in affirming the Comptroller=s decision to deny Tennessee Gas=s refund claim. Tennessee Gas argues that Rule 3.297 is unambiguous and that the Comptroller=s present interpretation conflicts with the way it has interpreted the rule in the past. Furthermore, Tennessee Gas contends that the Comptroller=s decision to interpret Rule 3.297 in a manner that precludes Tennessee Gas from receiving an exemption improperly amended the Rule, thus violating the rule-making requirements of the government code.

**DISCUSSION**

When the language of a statute is unambiguous, courts must seek the intention of the Legislature as found in the plain meaning of the words used. *Retama Dev. Corp. v. Texas Workforce Comm=n*, 971 S.W.2d 136, 139 (Tex. App.CAustin 1998, no pet.). But in construing a statute, courts may consider, regardless of whether the statute is ambiguous, the administrative construction of the statute. Tex. Gov=t Code Ann. ' 311.023(6) (West 2002). The Comptroller=s interpretation of a statute it is charged with enforcing is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain meaning of the statute. *See Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex. 1993).

4

Administrative rules are ordinarily construed in the same way as statutes and an agency=s interpretation of its own rule is entitled to deference by the courts. *Lewis v. Jacksonville Bldg. & Loan Ass=n*, 540 S.W.2d 307, 310 (Tex. 1976); *Public Util. Comm=n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991). Greater deference is given to an agency=s interpretation that is longstanding and applied uniformly. *Amarillo Indep. Sch. Dist. v. Meno*, 854 S.W.2d 950, 954 n.6 (Tex. App.CAustin 1993, writ denied).

To succeed in its appeal, Tennessee Gas must overcome the heightened burden placed on claimants of a tax exemption. Statutory exemptions from taxation are strictly construed and the claimant bears the burden of clearly showing that it falls within the exemption. *North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). All doubts as to the availability of an exemption must be resolved in favor of the taxing authority. *State v. Glass*, 723 S.W.2d 325, 327 (Tex. App.CAustin 1987, writ ref=d n.r.e.) (citing *Bullock v. National Bancshares Corp.*, 584 S.W.2d 268, 274 (Tex. 1979)).

Tennessee Gas first complains that the Comptroller improperly denied Tennessee Gas=s exemption claim because the Comptroller arbitrarily and capriciously disregarded the clear and unambiguous language of Rule 3.297. In support of its argument, Tennessee Gas cites *Public Utility Commission v. Gulf States Utilities Co.* for the proposition that if an agency fails to follow the clear, unambiguous language of its own regulation, its action must be reversed as arbitrary and capricious. *Gulf States Utils. Co.*, 809 S.W.2d at 207. The Comptroller responds that its construction of tax code section 151.328 is both reasonable and consistent with the language contained in Rule 3.297. The Comptroller

further argues that because its interpretation is consistent with the statute and rule in question, this Court should accept its interpretation regardless of the existence of other reasonable interpretations.

Rule 3.297 begins with the following language defining who qualifies as a licensed and certificated carrier:

(c) Carriers Generally

(1) Licensed and certificated carrier--A person authorized by the appropriate United States agency or by the appropriate state agency within the United States to operate an aircraft, vessel, train, motor vehicle, or pipeline as a common or contract carrier transporting persons or property for hire in the regular course of business.

34 Tex. Admin. Code ' 3.297(a)(1) (2001). Tennessee Gas points to the specific inclusion of pipelines among those common carriers who can qualify as licensed and certificated carriers. Given its authorization by FERC to operate as a common carrier pipeline, Tennessee Gas argues that it is a licensed and certificated carrier for purposes of section (a)(1) of the Rule. Tennessee Gas then looks to a separate section of the Rule on exemptions for aircraft, which reads as follows:

(d) Licensed and certificated carriers, flight schools, and flight school instructors

* * *

(1) The following items or services used in the repair, remodeling, or maintenance of aircraft or aircraft engines or component parts by or for a person qualified under subsection (a)(1) or (c)(7) of this section are exempt if purchased by the aircraft owner or operator, by the aircraft manufacturer, or by a repair facility.
(A) Machinery, tools, supplies, and equipment used directly and exclusively in the repair, remodeling, or maintenance. Included in the exemption is equipment used to sustain or support safe and continuous operations or to

6

> keep the aircraft in good working order by preventing its decline, failure, lapse, or deterioration, such as battery chargers or diagnostic equipment.
> (B)  Repair, remodeling, and maintenance services.

*Id*. ' **3.297(d).  Tennessee Gas emphasizes that section (d)(2) of the Rule extends to** *a person qualified under section (a)(1)* **of the Rule.  Tennessee Gas argues that it is plainly a licensed and certificated carrier under section (a)(1) and that section (d)(2) plainly extends to anyone who is a licensed and certificated carrier under** section (a)(1) of the Rule.  Thus, Tennessee Gas argues, it qualifies for the exemption it seeks.  The Comptroller responds by emphasizing that section (a)(1) of the Rule requires that in order to be a licensed and certificated carrier, the common carrier must be authorized by the *appropriate* agency.  For purposes of the aircraft exemption, the Comptroller continues, that agency is the FAA, not FERC.  The Comptroller further contends that it has never granted an aircraft exemption to a pipeline common carrier that is licensed by FERC.

**In our interpretation of Rule 3.297, we need not determine whether Tennessee Gas=s interpretation of the Rule is reasonable; we need only determine whether the Rule can reasonably be read in the manner the Comptroller has chosen to interpret it.** *See Hammerman & Gainer, Inc. v. Bullock*, 791 S.W.2d 330, 333 (Tex. App.CAustin 1990, no writ).  In making that determination, we cannot consider the above-cited sections of the Rule in isolation, but must consider how those sections operate within the Rule as a whole and in relation to the section of the tax code to which they pertain.  *See Sharp v. House of Lloyd*, 815 S.W.2d 245, 249 (Tex. 1991) (in determining meaning of statute, court must consider entire act, its nature, and its objects).

The Comptroller designed Rule 3.297 to apply to multiple sections of the tax code. Rather than promulgating a separate rule to interpret each statute pertaining to common carriers and sales and use taxes, the Comptroller drafted Rule 3.297 in a manner that allows the Rule to apply to all sections of the tax code involving sales and use tax exemptions for common carriers.[1] Section (a) of Rule 3.297 applies to carriers *generally* and establishes the criteria for qualifying as a licensed and certificated carrier for different types of common or contract carriers of persons or property. *See* 34 Tex. Admin. Code ' 3.297(a) (2001). The remaining sections of the Rule pertain, for the most part, to specific types of common carriers. Consistent with the Rule=s structure, the Comptroller has reasonably interpreted section (d), which involves exemptions for aircraft, as applying to a specific type of carrierCnamely, air carriers. *See id.* ' 3.297(d).

---

[1] Rule 3.297 applies to tax code section 151.328 (aircraft); section 151.329 (ships and other vessels); section 151.330 (interstate shippers); and section 151.331 (trains).

The Comptroller=s interpretation of Rule 3.297 does not deny effect to Tennessee Gas=s status as a licensed and certificated carrier because it can still qualify for exemptions in the tax code intended to be available to common carrier pipelines or to licensed and certificated carriers generally. As the Comptroller points out, by virtue of its status as a common carrier pipeline, Tennessee Gas may qualify for an exemption under section 151.330(h) of the tax code, which corresponds to section (a)(4) of Rule 3.297. *See* Tex. Tax Code Ann. ' 151.330(h); 34 Tex. Admin. Code ' 3.297(a)(4).[2] After carefully considering the structure of the Rule as a whole and its function as an application and interpretation of several provisions of the tax code, we find the Comptroller=s interpretation consistent with the language of the Rule and, thus, not an arbitrary and capricious application of that Rule.

Tennessee Gas also endeavors to show that the Comptroller=s present interpretation of Rule 3.297 is inconsistent with the way it has interpreted the Rule in the past. However, all the cases and decisions cited by Tennessee Gas involving Rule 3.297(d) involve parties seeking to claim an exemption as or through a certificated air common carrier and thus do not support the inference that the Rule was intended to extend the exemption to other types of common carriers. This Court most recently considered a challenge to the interpretation of Rule 3.297 in *Quorom Sales, Inc. v. Sharp*,

---

[2] Sales tax is not due on the sale of taxable items to a common carrier if such items are shipped to a point outside this state using the purchasing carrier=s facilities under a bill of lading, and if such items are to be used by the purchasing carrier in the conduct of its business outside the State of Texas. 34 Tex. Admin. Code ' 3.297(a)(4) (2001).

where we deferred to the Comptroller=s interpretation of the statutory language and affirmed the Comptroller=s ruling that the purchaser of an aircraft, rather than the aircraft itself, must be a licensed and certificated carrier by the FAA in order for the sale to be exempt from sales tax. *Quorom Sales*, 910 S.W.2d 59, 64 (Tex. App.CAustin 1995, writ denied). In support of its argument that the Comptroller=s interpretation of Rule 3.297 in this case differs from its standing interpretation, Tennessee Gas points to our statement in *Quorom Sales* that Awe therefore adopt the Comptroller=s administrative construction of section 151.328(a)(1) to provide sales tax exemptions on aircraft only when the purchaser of an aircraft is a <licensed and certificated carrier= *as defined by the Comptroller.*@ *Id.* (Emphasis added.) Tennessee Gas apparently argues that with this language we were expressing the same understanding of Rule 3.297(d) that Tennessee Gas now urges. But there is no discussion in *Quorom Sales* of any type of certificated carrier other than an *air* common carrier certificated by the FAA. Tennessee Gas=s conclusion that, by using the language quoted above, this Court intended to say that the exemptions in section (d) are available to other types of licensed and certificated carriers is unwarranted by the facts of *Quorom Sales* and inconsistent with the analysis of Rule 3.297 contained above.

Tennessee Gas also does not provide a single administrative decision in which the Comptroller has interpreted Rule 3.297(d) as extending its exemption to common carrier pipelines. The one administrative decision appellant cites involving section 151.328 of the tax code and a common carrier pipeline simply does not address the issue we consider today. In hearing No. 26,644, an aerial surveyor contracted with pipeline operators to patrol their lines and then sought an exemption under section 151.328 of the tax code. *See* Tex. Comp. Pub. Accounts, Hearing No.

10

26,644, 1991 WL 166000 (Aug. 6, 1991). The administrative law judge who decided the case ruled that the person operating the aircraft had to himself meet the Comptroller=s requirements for a licensed and certificated carrier; so the surveyor, who did not meet that requirement, could not qualify for the exemption. *Id.* at 4*; see also* Tex. Comp. Pub. Accounts, Hearing No. 15,996, 1987 WL 52045 (Apr. 28, 1987) (petitioner not exempt because, while licensed by FAA, did not qualify as common carrier); Tex. Comp. Pub. Accounts, Hearing No. 28,322, 1992 WL 249093 (Aug. 4, 1992) (to qualify for exemption for purchase of aircraft, purchaser himself must be licensed and certificated carrier); Tex. Comp. Pub. Accounts, Hearing No. 31436, 1996 WL 32935 (Jan. 24, 1996) (purchaser of aircraft must be licensed or certificated carrier which uses aircraft purchased in its operations). If anything, the uniformity of these decisions with respect to their focus on certification as an air common carrier by the FAA strengthens, rather than weakens, the Comptroller=s position. *See Meno*, 854 S.W.2d at 954 n.6 (greater deference given to agency interpretation that is long standing and applied uniformly).

Because Tennessee Gas has not established that the Comptroller=s interpretation of Rule 3.297 in this case contradicts the clear and unambiguous language of that Rule, and because Tennessee Gas cannot demonstrate that the Comptroller has interpreted the present Rule in a manner inconsistent with the interpretation proffered here, Tennessee Gas cannot carry its burden as the claimant of a tax exemption under section 151.328 of the tax code.

## CONCLUSION

11

Because we find the Comptroller=s interpretation of section 151.328 of the tax code in this case consistent with the interpretation promulgated in Rule 3.297, we conclude that the Comptroller=s denial of Tennessee Gas=s refund claim neither ignored nor amended Rule 3.297. The trial court properly granted summary judgment for the Comptroller. We overrule Tennessee Gas=s points of error and affirm the judgment of the trial court.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: June 13, 2002

Publish

12