TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00089-CV






Envoy Medical Systems, L.L.C. and Independent Review Incorporated, Appellants



v.



State of Texas; Greg Abbott, Attorney General of Texas; (1) and Jose Montemayor,

Insurance Commissioner of Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. GN101596, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 






O P I N I O N




 Appellants Envoy Medical Systems, L.L.C. and Independent Review Incorporated
appeal from the trial court's judgment against them in their suit to exempt certain records from
disclosure under the Public Information Act. See Tex. Gov't Code Ann. §§ 552.001-.353 (West
1994 & Supp. 2003) (hereafter, "PIA § "). We will affirm the trial court's judgment.


Factual and Procedural Background



 This case originated with a request for information furnished to the Texas Department
of Insurance ("the Department") in connection with appellants' applications for certification as 
Independent Review Organizations ("IRO"). IROs were created to consider appeals of adverse
determinations of medical necessity made by utilization review agents. (2) A utilization review agent
is the entity that reviews whether a particular medical or service benefit will be provided to
employees covered under a health benefit plan provided by their employer. The Attorney General
issued a decision holding that the information at issue could not be withheld. Tex. Att'y Gen. ORD-535 (2001). Appellants then sued to challenge the attorney general's opinion and requested
injunctive relief to prevent disclosure of the disputed information. (3) The information to which access
was disputed at trial is a list of reviewers, reviewer contracts, and reviewer compensation terms. (4) 
In two issues on appeal, appellants contend that the trial court abused its discretion in failing to find
the information at issue was not subject to public disclosure because it was "confidential by law"and
by failing to conclude that the information was excepted from public disclosure under the exception
for certain commercial or financial information. See PIA § 552.101, .110(b).


Discussion



 Appellate review of a trial court order granting or denying a permanent injunction is
strictly limited to a determination whether the trial court has committed a clear abuse of discretion. 
Risk Managers Int'l v. State, 858 S.W.2d 567, 569-70 (Tex. App.--Austin 1993, writ denied). A
clear abuse of discretion in denying injunctive relief arises only when the trial court's decision is not
supported by some evidence of substantial and probative character. GTE Mobilnet of S. Tex. Ltd.
P'ship v. Pascouet, 61 S.W.3d 599, 620 (Tex. App.--Houston [14th Dist.] 2001, pet. denied).


Public Information Act


 "The Open Records [now Public Information] Act's core provision provides that the
public is entitled to information 'collected, assembled, or maintained by a governmental body.'" 
Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996); Arlington Indep. Sch. Dist. v. Texas Attorney
Gen., 37 S.W.3d 152, 157 (Tex. App.--Austin 2001, no pet.) (quoting Holmes). Public information
may not be withheld except as expressly provided by the Act. See Houston Chronicle Publ'g Co.
v. City of Houston, 531 S.W.2d 177, 184 (Tex. App.--Houston [14th Dist.] 1975), writ ref'd n.r.e.,
536 S.W.2d 559 (Tex. 1976). The PIA forcefully articulates a policy of open government. A & T
Consultants v. Sharp, 904 S.W.2d 668, 675 (Tex. 1995).

 The PIA mandates that the act "shall be liberally construed in favor of granting a
request for information." PIA § 552.001(b); see also City of Garland v. Dallas Morning News, 22
S.W.3d 351, 356 (Tex. 2000); Arlington Indep. Sch. Dist., 37 S.W.3d at 157. Exceptions to
disclosure should be construed narrowly. See Arlington Indep. Sch. Dist., 37 S.W.3d at 157-58
(citing City of Garland, 22 S.W.3d at 364). As parties seeking to withhold information from the
public, appellants have the burden to prove that an exception to disclosure applies to the information
at issue. Birnbaum v. Alliance of Am. Insurers, 994 S.W.2d 766, 779-80 (Tex. App.--Austin 1999,
pet. denied).

 An entity seeking certification as an IRO must provide "a description of personnel
and credentialing, and a completed profile for each physician and provider." 28 Tex. Admin. Code
§ 12.103(4) (West 2002). Appellants contend that this information is made confidential by rule: 


 (a) An independent review organization shall preserve the confidentiality of
individual medical records, personal information, and any proprietary
information provided by payors. Personal information shall include, at a
minimum, name, address, telephone number, social security number and
financial information.



 An independent review organization may not disclose or publish individual
medical records or other confidential information about a patient without the
prior written consent of the patient or as otherwise required by law. An
independent review organization may provide confidential information to a third
party under contract or affiliated with the independent review organization for
the sole purpose of performing or assisting with independent review. 
Information provided to third parties shall remain confidential.

 The independent review organization may not publish data which identify a
particular payor, physician or provider, including any quality review studies or
performance tracking data, without prior written consent of the involved payor,
physician or provider. This prohibition does not apply to internal systems or
reports used by the independent review organization.



 (d)-(i) [Procedures for maintaining confidentiality]



Id. § 12.208 (emphasis added). This section implements the statutory mandate that requires that
IROs must ensure the confidentiality of medical records transmitted to it for its use in performing
an independent review. See Tex. Ins. Code Ann. art. 21.58C § 2(b)(2) (West Supp. 2003).

 In their first issue, appellants argues that the use of the word "physician" in 12.208(c)
means that the rule makes confidential the names of members of its review panels who are
physicians. The agency, on the other hand, contends that physician must be read in light of the
statute and the entire rule, which is intended to make confidential the information provided to the
IRO for purposes of performing its review, not the information provided by the IRO to the
Department as part of its application process.

 An administrative agency has the power to interpret its own rules and that
interpretation is entitled to deference by a court called on to interpret or apply such rules. Texas Gen.
Indem. Co. v. Texas Workers' Comp. Comm'n, 36 S.W.3d 635, 641 (Tex. App.--Austin 2000, no 
pet.); see also Tennessee Gas Pipeline Co. v. Rylander, 80 S.W.3d 200, 203 (Tex. App.--Austin
2002 pet. denied) (greater deference given to interpretation that is longstanding and applied
uniformly). An agency's construction of its rule is entitled to great weight unless it is plainly
erroneous or inconsistent. Texas Gen. Indemnity, 36 S.W.3d at 641. We consider the rule as a whole
and in relationship to the statute which it implements. Tennessee Gas Pipeline, 80 S.W.3d at 205. 
Finally, an agency may not by rule make information confidential contrary to the PIA. See Industrial
Found. of the S. v. Texas Indus. Accident Bd., 540 S.W.2d 668, 677 (Tex. 1976) (agency may not
bring information within exception for confidential information by promulgation of rule).

 According to testimony from the director of the relevant division, the Department has
consistently interpreted the rule as protecting the name of the patient's treating physician furnished
to the IRO. The word "physician" appears in a listing with two other entities involved in furnishing
care to the patient; again, information furnished to the IRO for the review process. Finally, this
section of the rule states that the IRO may not publish certain information given to it in order for it
to perform its review; it does not refer to information furnished by the IRO to the Department. (5) We
overrule the first issue.


Commercial or Financial Information Exception


 In their second issue, appellants argue that the information at issue is excepted from
disclosure under the provisions concerning commercial or financial information:


 Commercial or financial information for which it is demonstrated based on specific
factual evidence that disclosure would cause substantial competitive harm to the
person from whom the information was obtained is excepted from the requirements
of Section 552.021.



PIA § 552.110(b) (emphasis added). This section is a fact-specific exemption for information that
is found to be a trade secret or privileged and confidential commercial or financial information. 
Birnbaum, 994 S.W.2d at 779-80. It is not a categorical exemption for a specific kind of information
or document. Id.

 Appellants' representatives stated their opinion that release of the information would
harm their operations. Appellants offered no specific evidence that the three IROs currently certified
actually compete with each other. Nor did they introduce evidence that access by a competitor to
the desired information could yield a competitive advantage in light of the fact that the IRO process
is not structured to be competitive. Reviews are assigned on a rotating basis (with provisions to
avoid conflicts of interest). See Tex. Admin. Code § 12.502 (West 2002). Fees for the reviews are
set by the Department of Insurance. Id. § 12.403. Appellants' main concern seemed to be that if
reviewers had their names revealed, their employer, such as an HMO, might take retaliatory action. 
However, that concern does not implicate action from a competitor. There was a concern that if the
names of the review panel members were released, the third IRO could somehow solicit them away. 
However, the third IRO was already certified and in order to have qualified as an IRO, had to have
had panel members in place. The court characterized much of the testimony offered as conclusory.
The offered evidence does not rise to the level of specificity required by the statute. See PIA
§ 552.110(b). We overrule the second issue.


Conclusion



 We conclude that appellants did not meet their burden to bring themselves within any
exception in the Public Information Act that would prevent disclosure of the information and have
overruled both of appellants' issues presented. We affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: March 27, 2003
1. We have substituted the current attorney general as the appropriate party. See Tex. R. App. P.
7.2(a).
2. Act of May 8, 1997, 75th Leg., R.S., ch. 163, § 8, 1997 Tex. Gen. Laws 322-24 (codified at
Tex. Ins. Code Ann. art. 21.58C (West Supp. 2003)).
3. The parties agreed not to disclose the information until all appeals were exhausted.
4. The information sought did not include the name of a reviewer performing a specific review.
5. The names of the individuals performing the review were not requested. These names are
maintained in the IRO's files and are not furnished to the Department.