# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00476-CV

**Perry Homes, A Joint Venture, Appellant**

**v.**

**Carole Keeton Strayhorn, Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General for the State of Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. 98-14226, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

Appellant Perry Homes, A Joint Venture (APerry Homes@), appeals from a summary judgment in favor of appellees Carole Keeton Strayhorn, Comptroller of Public Accounts, and Greg Abbott, Attorney General,[1] upholding the Comptroller=s sales-tax assessment levied against Perry Homes for Areal property services@ Perry Homes purchased from various independent contractors. We will affirm the district-court judgment.

---

[1] This appeal was originally filed in the name of the predecessor to the present attorney general. We have substituted the holder of that office as the correct party to this proceeding. *See* Tex. R. App. P. 7.2(a). The Comptroller and the Attorney General are statutory defendants in tax- protest suits. *See* Tex. Tax Code Ann. ' 112.151(b) (West 2002). Because their interests do not diverge in this case, for convenience we will refer to them collectively as the AComptroller.@

## BACKGROUND

In this taxpayer suit, Perry Homes, after an audit and under protest, paid the Comptroller $550,987.17 in sales tax and interest and now seeks a refund. *See* Tex. Tax Code Ann. '' 112.051, .052 (West 2002). Perry Homes, a residential home builder, contracted with various independent contractors for taxable services related to Perry Homes= construction activities. The Comptroller found that sales tax had not been paid by the sellers of the services Perry Homes had purchased during the October 1, 1991 through September 30, 1993 audit period. Perry Homes alleges that the lump-sum purchase prices it paid the independent contractors included sales tax and, during the Comptroller=s audit, submitted contracts and letters from the independent contractors to substantiate this allegation. The Comptroller, however, assessed sales tax on the services. Perry Homes paid the assessment under protest and brought this action against the Comptroller, seeking a refund. Both parties moved for summary judgment, and the district court granted the Comptroller=s motion and denied that of Perry Homes. Perry Homes appeals.

## DISCUSSION

When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides and determine all questions presented. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). If we find error, we must render the judgment the trial court should have rendered. *See id*.

By its only issue on appeal, Perry Homes argues that, as a matter of law, the purchase prices charged by the independent contractors included sales tax and, by paying the contracted amounts, Perry Homes discharged its sales-tax obligation. As a subpart of its argument, Perry Homes contests the

2

Comptroller=s interpretation of former rule 3.286(d)(3) (the ARule@).  *See* 17 Tex. Reg. 463 (1992), *adopted* 17 Tex. Reg. 1744 (1992) (amended 1996) (current version at 34 Tex. Admin. Code ' 3.286(d)(3) (2003) (Comptroller of Public Accounts, Tax Administration)) (AFormer Rule 3.286(d)(3)@). Perry Homes does not argue that the tax code or the Rule is ambiguous or unreasonable.

The code provides:

The primary responsibility for collection of sales tax lies with the seller:

(a)  [A] seller who makes a sale subject to the sales tax imposed by this chapter shall add the amount of the tax to the sales price, and when the amount of the tax is added:

(1)  it becomes a part of the sales price;

(2)  it is a debt of the purchaser to the seller until paid; and

(3)  if unpaid, it is recoverable at law in the same manner as the original sales price.

Tex. Tax Code Ann. ' 151.052(a).[2] However, the Comptroller has the authority to recover the tax due on a taxable transaction from either the seller or purchaser.  *Id*. ' 151.515 (West 2002) (AThis chapter does not prohibit the comptroller from proceeding against a consumer for an amount of tax that the consumer should have paid but failed to pay.@); *Bullock v. Foley Bros. Dry Goods, Corp.*, 802 S.W.2d 835, 838 (Tex. App.CAustin 1990, writ denied) (A[T]he tax may be collected [by the Comptroller] from the seller or purchaser or both until the tax has been paid . . .@).  Augmenting the tax code with a more specific

_____

[2]  The statute in effect during the audit period is substantially the same as the current provision. *Compare* Act of May 31, 1981, 67th Leg., R.S., ch. 389, ' 151.052, 1981 Tex. Gen. Laws 1490, 1550, *with* Tex. Tax Code Ann. ' 151.052 (West 2002).  For convenience, we will cite to the current tax code provision.

**3**

requirement, the Rule requires: AThe amount of the sales tax must be separately stated on the bill, contract, or invoice to the customer or there must be a written statement to the customer that the stated price includes sales tax.@ Former Rule 3.286(d)(3).

If the independent contractors from whom Perry Homes purchased services did not: (1) add sales tax to the purchase price and (2) either Aseparately state@ on the bill, contract, or invoice that sales tax was included in the stated price or provide a written statement that the stated price included tax, Perry Homes may not prevail.[3] Here, because no invoice or bill specifically states that sales tax was included in the lump-sum prices, the dispute is whether the language of the contracts is sufficient to satisfy the Rule and whether the letters submitted by the independent contractors constituted written statements that the stated price included sales tax. We hold that neither the contracts nor the letters satisfy either the tax code or the Rule.

The contracts under which Perry Homes and the independent contractors operated each contain a paragraph specifically entitled ATAXES,@ which provides:

> The Independent Contractor agrees to accept full responsibility for, and agrees to indemnify and hold [Perry Homes] harmless from, the payment of any and all taxes that may be lawfully due from the Independent Contractor to any governmental entity including, but not limited to, income taxes, FICA, or other withholding taxes, franchise tax, sales tax, etc.

---

[3] The Rule=s current version presumes that the total amount shown does not include sales tax. The seller may overcome the presumption by using the seller=s records to show that sales tax was included in the sales price. 34 Tex. Admin. Code ' 3.286(d)(3) (2003).

This clause, asserts Perry Homes, expressly states that the price Perry Homes paid to the independent contractors included sales tax, and therefore Perry Homes should not be held liable for the assessment. Additionally, Perry Homes obtained letters from the independent contractors, stating:

> Per our agreement with you, as an independent subcontractor, all of your invoices or work orders submitted to us included the cost of all labor and materials necessary to meet the specifications of Perry Homes, a Joint Venture. In addition, your fees include an amount sufficient to meet any and all tax obligations that are lawfully owed by you to any government entity as a result of the work being performed.

> Documentation provided to Perry Homes, for payment of services rendered at any time, may or may not separate the tax portion of your charges. In the event that the tax portion of your charges is not separated, it is expressly implied that you have included the required sales taxes in the cost of labor and materials charged to us.

Perry Homes does not dispute the applicability of the tax code and the Rule. Rather, Perry Homes argues that the contracts and letters indicate that sales tax was included in the purchase price.

Initially, we observe that the contract dause is an indemnification clause, not a clause indicating that the purchase price included sales tax. The clause does not state that the purchase price Aincludes@ sales tax. At most, the clause assigns to the independent contractors the *responsibility* for paying the sales tax, as already required by the tax code. *See* Tex. Tax Code Ann. ' 151.052(a).

Second, the letters submitted by the independent contractors are similarly worded and are also examples of an indemnity clause. The letters were drafted by Perry Homes and sent to each independent contractor. At the bottom of the letters, spaces were provided for the independent contractors= signatures. The language A[d]ocumentation . . . for payment . . . may or may not separate the

**5**

tax portion,@ and Aexpressly implied that you have included the required sales tax@ falls short of the Comptroller=s requirement that the agreement contain unconditional and explicit language. We hold that both the contract provision and the letters signed by the independent contractors are insufficient to overcome the presumption that the purchase price did not include sales tax.

Finally, Perry Homes argues that the Comptroller=s interpretation of the Rule is inconsistent with tax-code section 151.052(a) and that the interpretation impermissibly expands the language of the statute. Perry Homes contends that the tax code only requires Aan agreement by which the parties express their intent that the consideration includes the sales tax due,@ and that the word Aincluded@ is not required; therefore the letters satisfy both the statute and the Rule. Stated another way, although Perry Homes does not contest the validity of the Rule itself, it asserts that the Comptroller=s interpretation is unduly restrictive.

Administrative rules are ordinarily construed in the same way as statutes, and an agency=s interpretation of its own rule is entitled to deference by the courts. *Public Util. Comm=n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991); *Tennessee Gas Pipeline Co. v. Rylander*, 80 S.W.3d 200, 203 (Tex. App.CAustin 2002, pet. denied). Our review is limited to determining whether the administrative interpretation Ais plainly erroneous or inconsistent with the regulation.@ *Gulf States*, 809 S.W.2d at 207. We will defer to an agency=s interpretation as long as it is reasonable and does not contradict the plain meaning of the statute. *See Miami ISD v. Moses*, 989 S.W.2d 871, 875 (Tex. App.CAustin 1999, pet. denied). If an agency has Afailed to follow the clear, unambiguous language of its own regulation, we must reverse its action as arbitrary and capricious.@ *Gulf States*, 809 S.W.2d at 205.

**6**

In our interpretation of the Rule, we need not determine whether Perry Homes= interpretation of the Rule is reasonable; we need only determine whether the Rule can reasonably be read in the manner the Comptroller has chosen to interpret it. *See Tennessee Gas Pipeline*, 80 S.W.3d at 206; *Quimby v. Texas Dep=t of Transp*., 10 S.W.3d 778, 782 (Tex. App.CAustin 2000, pet. denied) (nothing in rule that would preclude agency=s interpretation; rule=s requirement reasonable). In making that determination, we cannot consider the Rule in isolation, but must consider how it operates in relation to the section of the tax code to which it pertains. *See Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991).

We disagree with Perry Homes and hold that the Comptroller=s interpretation of the Rule is consistent with the tax code. *Compare* Tex. Tax Code Ann. ' 151.052(a), *with* Former Rule 3.286(d)(3). After considering the structure of the Rule as a whole and its function in implementing the statute, we find the Comptroller=s interpretation consistent with the language of the Rule and, thus, not an arbitrary or capricious application of that Rule. The Comptroller is authorized to adopt rules that clarify and implement the legislation. *See* Tex. Tax Code Ann. ' 151.021 (West 2002); *Texas Dep=t of Human Servs. v. Christian Care Ctrs., Inc*., 826 S.W.2d 715, 720 (Tex. App.CAustin 1992, writ denied) (under general grant of authority, agency has all implied authority reasonably necessary to accomplish delegated purpose). The Rule and the Comptroller=s interpretation of it provide no more than a bright-line test for buyers, sellers, and auditors to follow. *Bullock v. Hewlett-Packard Co.*, 628 S.W.2d 754, 756 (Tex. 1982) (administrative convenience is proper justification for rule). The Rule requires a clear delineation of sales tax that Amust be separately stated@ on a bill or an unequivocal, written statement that sales tax is included.

7

Former Rule 3.286(d)(3). Perry Homes failed to provide either. The requirement is neither unreasonable nor oppressive. We do not believe that the Comptroller should be required to engage in a subjective analysis of each bill or contract to determine the parties= intent with regard to the payment of taxes. Therefore, we overrule Perry Homes= only issue on appeal.

## CONCLUSION

We affirm the district-court judgment.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: May 22, 2003