# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00675-CV

**Texas Mutual Insurance Company, Appellant**

**v.**

**Michael M. Stelzer, D.C. and Texas Workers' Compensation Commission, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-05-002187, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The issue presented in this administrative appeal is whether the Texas Workers' Compensation Commission,[1] when deciding a medical fee dispute between a chiropractor and a worker's compensation carrier, erred in deferring to the Texas Board of Chiropractic Examiners's prior determination that "needle EMG" is within the scope of chiropractic practice and ordering reimbursement for such a procedure rather than independently addressing the scope-of-practice issue, determining that needle EMG is not within the scope of chiropractic practice, and denying reimbursement on that basis. The district court affirmed the Commission's order. We will affirm.

---

[1] Effective September 1, 2005, the legislature dissolved the Texas Workers' Compensation Commission and created the Division of Workers' Compensation within the Texas Department of Insurance. Act of June 1, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607. Since the underlying dispute began prior to the reorganization, all references in this opinion are to the Texas Workers' Compensation Commission.

On May 16, 2003, appellee Michael M. Stelzer, D.C., performed a "needle EMG"[2] procedure on a worker who had injured his right shoulder on the job. Stelzer subsequently submitted a claim for reimbursement for the procedure to appellant Texas Mutual Insurance Company. Texas Mutual denied the claim on the ground that needle EMG is outside the scope of authorized chiropractic practice. The Medical Fee Guideline (MFG), which regulated Stelzer's entitlement to reimbursement for the service, provides:

> The MFG does not supersede scope of practice limitations for HCP [health care provider] specialties. The listed maximum allowable reimbursements (MAR) only apply when a licensed HCP is performing those services within the scope of practice for which the provider is licensed . . . .

28 Tex. Admin. Code § 134.201 (2009) (1996 Medical Fee Guideline adopted by reference).

The dispute was submitted to the Commission, where it was reviewed by an Independent Review Organization (IRO). *See* Tex. Lab. Code Ann. § 413.031 (West Supp. 2008); 28 Tex. Admin. Code § 133.308 (2009).[3] Without addressing the scope-of-practice issue raised by Texas Mutual, the IRO determined that the procedure was medically necessary and that Dr. Stelzer was entitled to reimbursement. The Commission's Medical Review Division (MRD) reviewed the IRO's decision and agreed, also without addressing the scope-of-practice issue. *See* 28 Tex. Admin. Code §§ 133.305, 133.307 (2009).

---

[2] "Needle EMG"—electromyography—is a diagnostic procedure used to verify healthy nerve function.

[3] For convenience, we cite to the current versions of the statutes and rules except where there has been an intervening amendment that is material to our disposition of this appeal.

Texas Mutual requested a hearing before the State Office of Administrative Hearings (SOAH). *See* Act of May 3, 1995, 74th Leg., R.S., ch. 980, § 1.43, 1995 Tex. Gen. Laws 4912, 4923 (eff. Sept. 1, 1995) (providing for contested-case hearing before SOAH); Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 553, 554 (eff. Sept. 1, 2005) (repealing contested-case hearing provision); *see also* Act of May 18, 2007, 80th Leg., R.S., ch. 1007, § 2, 2007 Tex. Gen. Laws 3525, 3525 (eff. Sept. 1, 2007) (again providing for a SOAH contested-case hearing). The administrative law judge (ALJ) found that in 1998, the Texas Board of Chiropractic Examiners (TBCE), the agency that licenses and regulates chiropractors, had "ruled that performance by a chiropractor of a needle EMG for the purposes of analyzing, examining, or evaluating the biomechanical condition of the spine and musculoskeletal system, was within the scope of the Texas Chiropractic Act,"[4] that the procedures Stelzer had administered "were for the purposes of diagnosing Claimant's condition and were requested by Claimant's treating doctor," and that Stelzer "was acting within the scope of his practice as defined by the TBCE." The ALJ concluded that Texas Mutual had failed to meet its burden of proving that Stelzer had "acted outside

---

[4] In 1997 and 1998, the Board considered whether or not needle EMG is within the scope of chiropractic practice and determined that "needle EMG [is] within the scope of chiropractic if a chiropractor performs such procedure (1) to analyze, examine, or evaluate the biomechanical condition of the spine and musculoskeltal system" and if the chiropractor is "properly trained" in the performance of the procedure. The Board affirmed this interpretation in a letter to licensees dated January 25, 2002, including a recommendation that chiropractors who perform the procedure "obtain[] and complete[] a 120-hour course in electrodiagnosis offered at CCE accredited chiropractic colleges" or earn "status as an ACA Diplomate in Neurology." *See* Tex. Bd. Chiropractic Exam'rs, *TBCE Opinion: Acupuncture, Manipulation Under Anesthesia, and Needle EMG as Being Within the Scope of Practice* (ratified Sept. 11, 1997, amended May 7, 1998, and May 1999); *see also O'Neal v. Texas Bd. of Chiropractic Exam'rs*, No. 03-03-00270-CV, 2004 Tex. App. LEXIS 8254 (Tex. App.—Austin 2004, no pet.) (not designated for publication).

the scope of practice for chiropractors, as the Texas Board of Chiropractic Examiners (TCBE) has interpreted the Texas Occupation Code, ch. 201, or its predecessor, the Texas Chiropractic Act," or that Stelzer "provided services outside the scope of practice rules applicable to treatment of injured workers, as governed by the 1996 *Medical Fee Guidelines*, 28 Tex. Admin. Code § 134.201." The ALJ ordered that Texas Mutual reimburse Dr. Stelzer for the procedure. Texas Mutual then sought judicial review in the district court, which affirmed the ALJ's decision. This appeal followed.

In a single issue, Texas Mutual argues that the Commission's order must be reversed because "[e]very applicable principle of statutory construction . . . demonstrate[s] that Needle EMG is outside the statutorily authorized scope of practice of chiropractors." It observes that both the attorney general and a different SOAH ALJ have reached that conclusion.[5] Texas Mutual also asserts the 1998 TBCE "ruling" on which the Commission relied was incorrect, was beyond the TBCE's statutory authority, and was a void improper rulemaking. Further, Texas Mutual disputes the notion, reflected in the ALJ's ruling, that the 1996 MFGs required or allowed the Commission to defer to the scope-of-practice determinations of other licensing boards and complains of the "the refusal of the TWCC, the SOAH ALJ and the trial court to consider and decide the [scope-of-practice] issue."

Dr. Stelzer and the Commission respond that the ALJ and the district court acted properly by deferring to the TBCE's scope-of-practice determination in applying the

---

[5] *See* Op. Att'y Gen. No. DM-472 (1998); State Office of Admin. Hearings, *The Texas Fund f/k/a Texas Workers' Comp. Ins. Fund v. Health & Med. Practice Ass'n & Texas Workers' Comp. Comm'n*, Docket No. 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.M4 (July 18, 2001); *O'Neal*, No. 03-03-00270-CV, 2004 Tex. App. LEXIS 8254, at *2-5; *see generally Texas Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 270 S.W.3d 777 (Tex. App.—Austin 2008, no pet.).

Medical Fee Guidelines. The Commission asserts that "the 1996 Medical Fee Guideline requires the [Commission] to defer to another agency's clear announcement on a scope of practice issue (unless the announcement is patently illegal, of course)." The Commission reasons:

> To require the [Commission] to second-guess another agency's scope of practice rule where that rule is not patently invalid or illegal would lead to confusion among health care providers and the undesirable result of having an agency opine on matters outside of its primary jurisdiction.

We defer to an agency's interpretation of its own rules unless that interpretation is plainly erroneous or inconsistent with the text of the rule or underlying statute. *See Public Util. Comm'n v. Gulf States Util. Co.*, 809 S.W.2d 201, 207 (Tex. 1991); *Tennessee Gas Pipeline Co. v. Rylander*, 80 S.W.3d 200, 203 (Tex. App.—Austin 2002, pet. denied). As the Commission observes, neither the text of the MFG nor the labor code speaks to whether or how it should resolve scope-of-practice disputes that arise in the context of medical fee disputes. The MFG merely states that it "does not supersede scope of practice limitations for [health care provider] specialties" and that the MAR "only apply when a licensed HCP is performing those services within the scope of practice for which the provider is licensed," but does not specify how the Commission determines the applicable "scope of practice" when applying the rule. We cannot conclude that the Commission's interpretation is plainly erroneous or inconsistent with the rule.

Applying the Commission's interpretation here, the Commission would be guided by the TBCE's determination of whether needle EMG is within the scope of chiropractic practice when applying the MFG. The parties agree that—whether correct or not—the TBCE at relevant times interpreted the scope of chiropractic practice to include needle EMG, so long as the

5

chiropractor has received proper training in electrodiagnosis. The legislature has vested the Board with authority to determine scope-of-practice issues. *See* Act of May 10, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 1533-54 (defining chiropractic scope of practice and authorizing the Board to adopt rules necessary to regulate the practice of chiropractic and for the administration and enforcement of the statute); *see also* Act of May 27, 2005, 79th Leg., R.S., ch. 1020, § 8, 2005 Tex. Gen. Laws 3464, 3466 (current version at Tex. Occ. Code Ann. § 201.1525 (West Supp. 2009) (mandating that the Board "adopt rules clarifying what activities are included within the scope of practice of chiropractic and what activities are outside of that scope")). While Texas Mutual challenges the Board's scope-of-practice interpretation as a misconstruction of the statute and the rule, Texas Mutual nonetheless recognizes that this was, indeed, the TBCE's interpretation at relevant times.

Although Texas Mutual now attempts to challenge the TBCE's opinions interpreting the scope of chiropractic practice to include needle EMG as improper rulemaking, Texas Mutual failed to preserve the issue for appeal by not properly raising it before the trial court. As presented to us, this medical fee dispute, to which the TBCE is not a party, is not the proper forum for challenging these opinions. *See* Tex. Gov't Code Ann. § 2001.038(a) (West 2008) (authorizing declaratory judgment action to challenge the validity or applicability of an agency rule), (c) (requiring that the state agency be made a party to the action).

Because the Commission's interpretation of the 1996 MFG to require it to defer to the TBCE's interpretation of the chiropractic scope of practice is not plainly erroneous or inconsistent with that rule, and because it is undisputed that the TBCE at relevant times has opined

that the scope of chiropractic practice includes needle EMG, we find no error in the district court's judgment affirming the Commission's order requiring Texas Mutual to reimburse Dr. Stelzer for the needle EMG procedure.  We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:  January 13, 2010